CHARLES BURNHAM SQUIER, Respondent, Appellant, v. AUGUSTUS S. HOUGHTON and Others, Defendants, Impleaded with KATHARINE S. MONTGOMERY, Appellant, Respondent.

First Department, January 25, 1929.

*Frank Hendrick*, for the plaintiff.

*John E. Joyce* of counsel [*Zabriskie, Sage, Gray & Todd*, attorneys], for the defendant Katharine S. Montgomery.

McAvoy, J.  These are cross-appeals, one by defendant Montgomery because her motion to separately state and number the causes of action was denied.  The plaintiff appeals because certain passages of the complaint were struck out on the defendant's motion.

The complaint is based on a claim that defendants have taken over and transferred to others certain remainders of an estate which fell in and should have been transferred to him, and that bank accounts, shares of stock and other property of the estate have been improperly appropriated.  All the parties, banks, corporate bodies whose stocks are affected, foreign trustees and removed executors of the New Jersey will of Edwin M. Squier, are made defendants, and the allegations cover their actions with respect to these properties during the history of the estates involved.

We have concluded that there is but one cause of action for waste and diversion of plaintiff's inheritance, and that the order should be affirmed on that part of the appeal, but on the motion to strike out we think too much was removed on the plaintiff's theory of the case which we must consider as the basic groundwork of the bill for relief.

All the allegations respecting the representative capacity of the defendants under Edwin M. Squier's will, the different interests which plaintiff asserts are his and defendants' and the acts of the defendant Houghton, should have been included properly to recite the grievances complained of by plaintiff.

Parts of the matter struck out by paragraph XIII of the order are so essential to the cause of action that without their inclusion a motion to dismiss the complaint might lie.  But the necessary allegations are so involved in utterly argumentative matter that no one could answer them without undue labor and careful selection of the various averments.  These are so interwoven in good and bad that a court may not readily separate them, and as to that paragraph the order must be affirmed, with leave to plaintiff to plead over as to matter referred to in this paragraph omitting the argument and characterizations, on payment of costs.

As to paragraph XIV of the order, which sets out the interests of others not summoned but for whom plaintiff complains as having a common interest, these were proper averments and should not have been removed.

The order should be affirmed on defendant's appeal in so far as it denies the motion to separately state and number the causes of action; and on plaintiff's appeal the order should be modified by denying the motion to strike out paragraphs thereof numbered I to XII, inclusive, and paragraph XIV thereof, and as so modified affirmed, with ten dollars costs and disbursements to the defendant Katharine S. Montgomery, with leave to the plaintiff, within twenty days from service of order, to plead over as to the matters referred to in paragraph XIII of said order, but omitting the argument and characterizations, upon payment of said costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order so far as appealed from by the defendant Katharine S. Montgomery affirmed. On the plaintiff's appeal order modified by denying the motion to strike out paragraphs thereof numbered I to XII, inclusive, and paragraph XIV thereof, and as so modified affirmed, with ten dollars costs and disbursements to the defendant Katharine S. Montgomery, with leave to the plaintiff, within twenty days from service of order, to plead over as to the matters referred to in paragraph XIII of said order, but omitting the argument and characterizations, upon payment of said costs.